## W. S. PAYTON v. STATE.

No. A-111.   Opinion Filed November 23, 1910.

**TRIAL—Instructions Required by Evidence.** The defendant in a criminal case has a right to have a clear and affirmative instruction given to the jury applicable to his testimony, based upon the hypothesis that it is true, when such testimony affects a material issue in the case.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County; A. T. West, Judge.*

The defendant was convicted for the crime of stealing hogs and sentenced to one year's imprisonment in the penitentiary, and appealed.   Reversed.

*J. M. Humphreys,* for plaintiff in error.

*Smith C. Matson,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE.   1. The court did not err in refusing to advise the jury to find the defendant not guilty.   But as this case will have to be reversed, we deem it improper to discuss the evidence.

2. Upon the trial of this case there was a square conflict in the evidence.   The testimony for the state tended to sustain the charge contained in the indictment.   The defendant and his witnesses testified that the defendant had purchased the hogs in question in good faith from one Daniel Webster.   The court instructed the jury with reference to the law applicable to the evidence for the state, but the charge is silent as to the issue presented by the testimony for the defendant.   As we understand the law, a defendant has the right to have a clear affirmative charge based upon the hypothesis that his testimony and the testimony of his witnesses is true, when this testimony affects a material issue in the case.

Counsel for defendant requested eight special instructions, all of which were refused by the court.   While we are not prepared

to say that the court erred in refusing any one of the requested instructions, yet their general effect was to call the attention of the court to the point in issue, and the court should have instructed the jury correctly as to the law with reference to purchasing property in good faith, and then left it to the jury to say which testimony they believed. For this defect in the instructions the case is reversed and remanded.

DOYLE and RICHARDSON, JUDGES, concur.