## CHARLIE HARRIS v. STATE.

No. A-2104.    Opinion Filed March 20, 1915.

(146 Pac. 1086.)

TRIAL—Instructions—Defenses. On a trial for larceny, where circumstantial evidence alone is relied on for a conviction, and there is a direct conflict in the testimony, it is error for the trial court to fail and refuse to instruct on the law applicable to a theory of the defense which the evidence tends to support, when the defendant requests it.

(Syllabus by the Court.)

*Appeal from County Court, Pushmataha County;*
*L. P. Davenport, Judge.*

Charlie Harris, convicted of petit larceny, appeals. Reversed.

*Welch & Welch,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Charlie Harris, was tried and convicted upon an information charging him with the larceny of one pair of cotton scrapers, the property of Harrel Barcom, of the value of $2. On the 18th day of July, 1913, in accordance with the verdict of the jury, the court sentenced him to pay a fine of $10 and the costs. To reverse the judgment an appeal was perfected.

The evidence for the state was substantially as follows:

J. J. Webb, deputy sheriff, testified that, on the day after the property is alleged to have been stolen, he found the de-

fendant in the possession of two cotton scrapers. The complaining witness, Harrel Barcom, testified that the cotton scrapers were his property and were stolen from off his cultivator plow in his field; that he saw two sets of tracks leading out of the field in the general direction of the defendant's home. Cross-examined, he stated that some months prior to the time of the alleged theft he had a difficulty with the defendant, and since that time there was ill feeling between him and the defendant.

R. A. Croger testified that a few days before the defendant wanted to borrow some cotton scrapers from him.

Charlie Harris in his own behalf testified: That he endeavored to borrow cotton scrapers from some of his neighbors, and, having failed, went to his merchant, in the town of Nelson, and requested him to order for him two Oliver cotton scrapers; that on his way home he met Ray Atkins, who stated that from Mace Harris he could borrow and have the use of a pair of cotton scrapers that day, as Mace Harris had gone to Hugo. That he went to the home of Mace Harris with Ray Atkins, and secured the scrapers, and they then went back into his field, and Atkins assisted him to adjust the scrapers to his plow. That about that time Deputy Sheriff Webb appeared and took possession of the scrapers and arrested the defendant. That for some time prior thereto there was ill feeling existing between the defendant and the complaining witness. He denied having taken the scrapers from the Barcom field, or that he had been in the Barcom field at any time that spring. The defendant's testimony was corroborated by Ray Atkins, who further testified that the cotton scrapers in question were owned by his brother, Earnest Atkins.

Mace Harris testified: That on the day in question he went to Hugo, and, having heard that Charlie Harris was endeavoring to borrow cotton scrapers the day before, directed Ray Atkins to inform him that he could have the use of the cotton scrapers that day. That the scrapers in question were owned by Earnest Atkins.

Earnest Atkins testified that the scrapers in question were his, and were loaned by him to Mace Harris.

The defendant requested, and the court refused to give the jury, an instruction to the effect that, if they believed from the evidence "that the defendant came into possession of said cotton scrapers in the manner claimed by him (that is, that he in good faith borrowed them), then and in that event it would be your duty to acquit the defendant, although you may believe that the complaining witness was and is the owner of the same."

The court failed to instruct the jury on this theory of the defense. The Attorney General confesses that in this there was error. We think that the confession of error is well founded. The defendant was entitled to an instruction fairly presenting the law of the case, on the theory contended for; the same having a basis in the evidence on which to rest.

In our opinion the jury should have been instructed to acquit, if the evidence in support of this theory of defense was sufficient to raise a reasonable doubt of guilt. If such doubt exists he cannot be convicted. Guilt is personal and must be proven; and where the state's evidence is purely circumstantial, and there is a direct conflict in the testimony, as in this case, it becomes important that the court should fairly and correctly instruct the jury on the law applicable to the case.

For the reason stated, the judgment herein is reversed.

FURMAN and ARMSTRONG, JJ., concur.