## JOHN CRITTENDEN v. STATE.

No. A-2444.   Opinion, Filed May 5, 1917.

(164 Pac. 675.)

**TRIAL—Instruction—Theory of Defendant.** "On trial for larceny, where circumstantial evidence is relied on for a conviction, and there is a direct conflict in the testimony, it is error for the trial court to fail and refuse to instruct on the law applicable to a theory of the defense which the evidence tends to support, when the defendant requests it."

*Appeal from District Court, Choctaw County; A. Eddleman, Assigned Judge.*

John Crittenden was convicted of the larceny of live stock and he brings error. Reversed.

*Richardson & Warren,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Choctaw county. The appellant, John Crittenden, was convicted at the October, 1914, term of said court of the crime of larceny of live stock, and his punishment fixed at two years in the penitentiary. From this judgment of conviction he appeals to this court, and asks a reversal of the same for numerous reasons, among which is the failure of the trial court to give an affirmative instruction on the law relative to the defense interposed after such an instruction had been requested.

The state relied for a conviction very largely upon circumstantial evidence. There was proof that the steer was stolen, and that a short time thereafter the appellant and his codefendant, Julius Garland, were seen

driving the steer to a slaughterhouse several miles from the place where the alleged taking occurred. The appellant claimed that he, in good faith, purchased this steer from his codefendant, Garland, that he had no knowledge that the steer had been previously stolen, and, in corroboration of the appellant, Garland testified that he sold the appellant the steer for $35, and that the appellant gave him a check signed by one Raines, a butcher at Ft. Towson, Okla. Raines testified that he had authorized the appellant to purchase some butcher cattle for him, and that the appellant brought this steer and a two-year-old heifer to him, and that the appellant had given a check signing his (Raines') name to it to Garland for $35 in payment for the steer, but that he (Raines) thought the price was too high and refused to give more than $30. Garland testified that he afterwards agreed to take the $30 for the steer, and another check signed by Raines was given to Garland for that amount. It is also shown by the testimony of a woman by the name of Stanley that on the same day that the appellant claims to have purchased this steer for Raines he also purchased a two-year-old heifer from her, giving a check signed by Raines, which was also turned down, but which Raines afterwards made good. It appears, therefore, that the appellant presented a defense supported by evidence to the effect that he came into possession of this steer by purchasing the same in good faith, believing that Garland had a right to sell it, and at the time he made the purchase he was acting as the agent for Raines, and, as hereinbefore indicated, there was evidence corroborating the testimony of the appellant which, if believed, when taken in connection with his testimony, would authorize his acquittal.

Upon the trial counsel for the defendant requested the following instruction, which was refused and an exception to the action of the court in refusing to give the same properly preserved at the time, and urged in the motion for new trial and in the petition in error:

"The jury is instructed that, if you believe from the evidence, or have a reasonable doubt thereof, that the defendant John Crittenden bought the steer in controversy in good faith from Julius Garland, not knowing the same had been stolen, then in that event you will acquit the defendant John Crittenden."

The trial court did not give any instructions in any way covering the defense relied upon. In our opinion, therefore, the refusal to give this requested instruction, or one affirmatively covering the defense interposed, is reversible error.

"The defendant * * * has a right to have a clear and affirmative instruction given to the jury applicable to his testimony, based upon the hypothesis that it is true, and when such testimony affects a material issue in the case." (*Payton v. State*, 4 Okla. Cr. 316, 111 Pac. 666; *McIntosh v. State*, 8 Okla. Cr. 469, 128 Pac. 735; *State v. Hill*, 63 Or. 451, 128 Pac. 444; *Harris v. State*, 11 Okla. Cr. 412, 146 Pac. 1086.)

In the latter case this court held:

"On a trial for larceny, where circumstantial evidence alone is relied on for a conviction, and there is a direct conflict in the testimony, it is error for the trial court to fail and refuse to instruct on the law applicable to a theory of the defense which the evidence tends to support, when the defendant requests it."

It may also be well to state that on the material element of the offense that the property was taken with-
13 O C R—12

out the consent of the owner the proof was very slight in support thereof. Upon a second trial we suggest that as to this element there should be more convincing evidence than that disclosed by this record.

For the reason that the court failed to give an affirmative instruction covering the defendant's testimony based on the hypothesis that it was true when requested to do so, the judgment is reversed, and the cause remanded for further proceeding.

DOYLE, P. J., and ARMSTRONG, J., concur.