## ANGELO GOLPI v. STATE.

No. A-2706. Opinion Filed August 20, 1918.

(174 Pac. 288.)

1. **TRIAL—Unlawful Transportation of Liquor—Defenses—Instruction.** (a) A person who is charged with unlawfully conveying intoxicating liquor from one place within this state to another place therein and within the jurisdiction of the trial court, and who, as his defense to the charge, offers testimony to establish the fact that he acted innocently and without knowledge that the packages conveyed contained intoxicating liquor, and without sufficient information to put him on notice to this effect, is entitled to have his defense submitted to the jury by proper instructions of the court.

2. **INTOXICATING LIQUORS—Unlawful Transportation—Intent.** (b) A person who conveys a package from one place in this state to another place therein, which package contains intoxicating liquor of which he has no knowledge and no information sufficient to put a reasonable man on inquiry, is not subject to the punishment imposed by the statute for unlawfully conveying intoxicating liquor from one place in this state to another place therein.

*Appeal from County Court, Johnston County;*
*Chas. S. Fenwick, Judge.*

Angelo Golpi was convicted of violating the prohibitory liquor law, and he appeals. Reversed and remanded.

*George Trice,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Angelo Golpi, was convicted at the February, 1915, term of the county court of Johnston county, on a charge of unlawfully conveying intoxicating liquor from one place in said county to another place therein, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The record discloses the fact that Golpi is a native of Spain; that, in company with an Austrian named Rege and an Italian named Simeon, he left Denison, Tex., on or about the 7th day of March, en route to Coalgate, Okla. The plaintiff in error, himself, lived at Lehigh, but was induced by the Austrian, Rege, to go on the Frisco with them to Randolph and on the Rock Island from Randolph to Coalgate, and thence on the Katy or Oklahoma Central to Lehigh. Six packages, all of which contained whisky, were carried by these parties. At Randolph a deputy sheriff concluded the packages contained whisky and telephoned the sheriff to meet the train at Tishomingo. The three persons were arrested and the packages were seized. An examination disclosed the fact that they contained whisky. The Italian, Simeon, and the Austrian, Rege, pleaded guilty to a charge of unlawfully conveying intoxicating liquor and served a jail sentence. They admitted ownership of the packages. The plaintiff in error entered a plea of not guilty and went to trial. In his defense he testified that the Austrian asked him to assist him with the packages; that he did not know they contained whisky and had nothing whatever to do with the ownership thereof and had no intention of violating the statute; that these parties, Rege and Simeon, were old acquaintances whom he had not seen for some time and were not bootleggers when they were living near him, and he did not know that

they were bootleggers at the time, and had no reason to suspect them.

The trial court was requested to give the following instruction:

"Gentlemen of the jury, at the request of the defendant, I instruct you as follows: That before you would be authorized to convict the defendant in this cause, you must believe from the evidence that the defendant knowingly participated in the offense with which he is charged, and unless you find from the evidence, beyond a reasonable doubt, that the defendant, Angelo Golpi, in assisting other parties in carrying the whisky about which testimony has been given knew that he was assisting in the violation of the law, and unless you so believe beyond a reasonable doubt, you should acquit the defendant, and say by your verdict, 'Not guilty.' "

The purpose of this requested instruction was to allow the plaintiff in error the advantage of the defense that in good faith he assisted these men, whom he knew as friends and whom he did not know were violators of the law, in carrying their packages, without any knowledge of their contents and without suspecting that they contained intoxicating liquors. The court refused to give the instruction, and proper exceptions were saved.

The question presented resolves itself into the proposition of whether or not a person who is charged with violating the prohibitory liquor law, in that he conveyed intoxicating liquor from one place in a county to another place therein, can avail himself of the defense that he did so innocently. We are of opinion that this is a good defense and that the instruction should have been given. If

the instruction had been given and the jury had found the plaintiff in error guilty, he would not be entitled to a new trial. Having been denied the right to have the jury say that he acted in good faith and without criminal purpose, he is entitled to a new trial.

The judgment is reversed, and the cause remanded.

DOYLE, P. J., and MATSON, J., concur.