## EDNA KIGGINS v. STATE.

No. A-3051.   Opinion Filed December 14, 1918.

(176 Pac. 413.)

CRIMINAL LAW—Instruction—Reasona le Doubt.  An instruction in the following language: "The court instructs the jury that if, after hearing all the evidence introduced, you entertain a reasonable doubt as to the guilt 'or innocence' of the defendants, you must give defendants the benefit of the doubt and acquit them"—is error.

*Appeal from County Court, Payne County;*
*Wilberforce Jones, Judge.*

Edna Kiggins was convicted of petit larceny, and she appeals.   Reversed.

*Freeman E. Miller,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, Edna Kiggins, and Rebecca Couch were jointly informed against for the

offense of petit larceny. They were jointly tried. The jury rendered their verdict finding Rebecca Couch not guilty and finding Edna Kiggins guilty as charged and assessing her punishment at a fine of $50. From the judgment rendered on the verdict, she appealed by filing in this court on June 15, 1917, a petition in error with case-made. The Attorney General has filed a confession of error in part as follows:

"Two errors occurred in the trial of the cause that we think, under the former holdings of this court, should and will reverse the same. The first one is the denial of the court to give to the jury instructions Nos. 5 and 6 requested by defendant. These instructions go to the fact that there might have been an accident or a misunderstanding that caused the hotel's property to be packed in that of the moving defendant. The other one is because the court told the jury, in instruction No. 6, that if they had a reasonable doubt as to the guilt 'or innocence' of the defendant they must acquit. This instruction is contrary to the law as laid down by this court in a number of cases, the last being *Findley v. State,* 13 Okla. Cr. 130 [162 Pac. 680]. The burden must not be put upon the defendant. Recurring to the first exception herein, which we allow, we say that to have gotten said property mixed up by accident was the only theory within reach of the defendant, and she should have had the benefit of it. See *Payton v. State,* 4 Okla. Cr. 316 [111 Pac. 666]; *McIntosh v. State,* 8 Okla. Cr. 474 [128 Pac. 735]," etc.

From a careful examination of the record, we are satisfied that the confession of error is well founded.

The judgment is therefore reversed.