## VIRGIL AMMONS v. STATE.

No. A-4687.  Opinion Filed Dec. 30, 1924.

(231 Pac. 326.)

(Syllabus.)

1. **Trial—Right of Accused to Affirmative Instruction on Theory of Defense Supported by His Testimony.** It is incumbent on the trial court to give, and the defendant has a right to have, when requested, an affirmative instruction to the jury applicable to his testimony, based upon the hypothesis that it is true, when such testimony affects a material issue in the case and would, if believed, constitute ground for reversal.

2. **Homicide—Exclusion of Evidence that Prosecuting Witness Had General Reputation of Being Violent and Quarrelsome, Erroneous.** Where the issue of self-defense is raised and there is some evidence to support it, it is error to exclude evidence that the prosecuting witness, prior to and at the time of the difficulty, had the general reputation of being a violent, quarrelsome, and turbulent man, and that such general reputation was known to the defendant.

Appeal from District Court, Marshall County; George S. Marsh, Judge.

Virgil Ammons was convicted of assault with intent to kill by shooting, and he appeals. Reversed and remanded.

On the 2d day of December, 1920, an information was filed in the district court of Marshall county, Okla., charging the plaintiff in error, Virgil Ammons, with an assault with intent to kill upon the person of one Jim Allen by shooting him. On the 12th day of December, 1922, the case was called for trial in said court, and the defendant filed his motion for a continuance, which was by the court overruled, and the defendant duly excepted. Thereupon the trial was proceeded with; a jury was selected and sworn; and evidence introduced on the part of the state and the defendant.

After both sides had rested, the defendant presented his four requested instructions, all of which were by the court denied, and the defendant excepted to the ruling of the court

on each of said requested instructions. Thereafter, the court gave to the jury his written instructions and counsel argued the case to the jury. Thereafter and on December 13th, the jury returned into open court their verdict of guilty of assault with intent to kill and fixing the punishment of the defendant at confinement in the state penitentiary for 2 1-2 years. Thereafter and on the 15th day of December, the defendant filed his motion for new trial, and on the 16th day of December he filed his motion in arrest of judgment, and on the 16th day of December, 1922, both of said motions were overruled and judgment rendered on the verdict, and the defendant excepted and gave notice of appeal, and his appeal bond was set at $2,500, and on the same date he filed said bond and the same was approved.

On the 23d day of January, 1923, the defendant filed his supplemental motion for a new trial on the ground of newly discovered evidence, and on the 24th day of January, 1923, this motion was overruled and the defendant excepted. On the 16th day of December, 1922, judgment and sentence was rendered on the verdict. Written notice of appeal was served on the court clerk and the county attorney of Marshall county, Okla., on March 31, 1923. On the 6th day of April, 1923, the case-made was duly served, and it was agreed between attorneys for plaintiff and defendant that the same was correct and plaintiff (defendant in error) waived notice of the time and place of settlement. On the 14th day of April, 1923, the case-made was duly settled by Hon. Porter Newman, the district judge, who overruled the supplemental motion for new trial, and the same was attested by the court clerk, and on the 16th day of April the case-made was duly settled by Hon. George S. March, who as district judge tried the case, and presided throughout the entire proceeding except the hearing on the supplemental motion for new trial, and the same was

then attested by the court clerk, and on the 17th day of April, 1923, the completed case-made was filed in the office of the court clerk of Marshall county, Okla., and withdrawn for filing in this court.

The assignments of error are as follows:

(1) That the court erred in overruling the motion for a continuance.

(2) That the court erred in overruling the motion for a new trial.

(3) That the court erred in overruling the supplemental motion for new trial.

(4) That the court erred in overruling the request of the defendant for an instruction on the law of self-defense and in refusing to submit that issue to the jury.

(5) That the court erred in ruling out evidence offered by the defendant to prove the reputation of the prosecuting witness, the man who was shot, as to whether or not he was a turbulent, quarrelsome, and violent man; also, evidence that this reputation was bad and was so known to the defendant.

The Attorney General has filed a confession of error, which is as follows:

"This is an appeal from a judgment of the district court of Marshall county finding the defendant guilty of shooting with intent to kill and fixing his punishment at $2\frac{1}{2}$ years in the state penitentiary. The record discloses the following state of facts, briefly told:

" 'The plaintiff in error and the prosecuting witness met on the roadside near the home of the plaintiff in error on the morning of the alleged shooting and engaged in a quarrel about certain damages done to one or the other's crop by the livestock of the other one. They separated, and the prose-

cuting witness went to a neighbor's house and sought to borrow a double-barrel shotgun. Ammons, the plaintiff in error, and his partner were engaged in threshing an oat crop on a tract of land jointly rented by them, and in the afternoon of the same day Allen, the prosecuting witness, appeared at the oats thresher riding horseback. He rode up and occupied a position where he could see Ammons and sat upon his horse for some little while. Ammons became somewhat concerned and went to his partner and told him to go to Allen and tell him to leave the premises; that he (Ammons) did not want to have any trouble with him, Ammons' partner went to Allen and informed him of Ammons' request. Shortly after this, Ammons drove his team into the field to get a load of sheaf oats and bring to the thresher. Some other person was engaged in hauling the threshed oats to the granary or barn and at about the same time that Ammons left the thresher, this party left there with a load of threshed oats for the granary and Allen went with him. When they arrived at the granary, Allen assisted the driver in unloading the oats, hitched his horse to the rear standard of the wagon, and rode in the wagon back to the thresher. It is contended by Ammons that when Allen first appeared at the thresher, he (Ammons) observed that Allen's right-hand pocket contained something bulky which he (Ammons) thought to be a pistol. In this connection, Ammons was corroborated by other witnesses in this supposition. Ammons had returned to the thresher with a load of sheaf oats before Allen returned from the granary riding in the wagon. The driver of the wagon drove up and turned his wagon to back into the thresher for another load of threshed oats, and when the wagon stopped, Allen, who was seated on the side board of the wagon body near the front end, got up and walked toward the rear end of the wagon, and in doing so also walked in the direction of where Ammons was standing. When about half the length of the wagon body, he thrust his right hand into his right pocket, and Ammons began firing at him and fired three shots altogether. Allen fell in the wagon body, and when picked up by parties present at the thresher, there was discovered half a brick in the wagon body where he had fallen, which had not been seen

there before he fell, and which there is every reason to believe, fell out of his pocket. The above statement sets forth about all of the material testimony introduced.'

"On the trial of the case Ammons admitted the shooting and entered a plea of self-defense. When the court was asked to instruct the jury as follows:

" 'The law gives to every person the right in self-defense to protect himself from unlawful attacks of his adversary, and, if necessary to save his own life or prevent great bodily injury, he may take the life of his assailant. The law of self-defense, however, is given to a citizen for his protection and is defensive in its nature and not offensive. It implies that the person unlawfully attacked has the right to use such force as reasonably appears to be necessary under the circumstances for his protection; but the law of self-defense does not imply the right of attack, and one who willfully and unlawfully provokes a difficulty, or who voluntarily enters into a difficulty armed with a deadly weapon believing that the same may prove fatal, cannot avail himself of the right of self-defense and shoot or injure his adversary, no matter how great his peril may become thereafter.

" 'Now, in this case if you believe from the evidence, or have a reasonable doubt thereof, that Jim Allen attacked the defendant, or made an assault upon him at the time of the shooting with a deadly weapon, and that the defendant believed he was in imminent danger of being killed or receiving great bodily injury at the hands of the said Jim Allen, and that it was necessary for him to shoot the said Jim Allen in order to protect himself, then the defendant would be justifiable on the ground of self-defense in shooting the said Jim Allen. And in this connection you are instructed that it is not necessary that the danger of being killed or receiving great bodily injury be actual or real before the defendant would have the right to shoot said Jim Allen, but it is necessary that the said Jim Allen must have made some demonstration of hostility towards the defendant that made the defendant honestly and really believe that he was in danger of being killed or suffering great bodily injury, and that such danger was im-

minent and about to fall, and not in the future. And in ascertaining whether that condition existed, you will view the circumstances from the standpoint of the defendant as they appeared to him at the time.

" 'You are further instructed that it is only to save himself from what appeared to him, as a reasonable man, to be imminent danger of losing his life or suffering great bodily injury at the hands of the said Jim Allen, that would justify the defendant in shooting the said Jim Allen. If at the time, and immediately prior to the shooting, the said Jim Allen advanced towards the defendant, whether armed with a deadly weapon or not, but it did not reasonably appear to the defendant that he was in imminent danger of being killed or receiving great bodily injury at the hands of the said Jim Allen, and that under those circumstances he shot the said Jim Allen, then he would be guilty of an offense and could not avail himself of the defense of self-defense.'
—he refused to do so, and gave instead thereof instruction No. 2, which is as follows:

" 'Now in this case if you find from the evidence beyond a reasonable doubt that the defendant, Virgil Ammons, in the county of Marshall and state of Oklahoma, on or about the 11th day of August, 1920, intentionally and wrongfully shot one Jim Allen with a pistol with intent to kill him, then it will be your duty to convict the defendant of an assault with intent to kill, and you will assess his punishment at imprisonment in the penitentiary for any term not more than ten years,' which instruction practically directs the jury to find the defendant guilty.

"Other errors are complained of, but we deem it unnecessary to consider them, and while we regret very much to have to do so, we think it becomes necessary to the discharge of our duties as a state official, owing the same duty to the plaintiff in error that we do to the state, to confess and admit that the trial court should have given to the jury an instruction by which they might have considered all the facts presented to them in order to determine whether or not plain-

tiff in error had just cause to believe, and did believe, that he was in imminent danger of death or great bodily harm at the hands of the prosecuting witness.

"In the opinion of this court in the case of Mulkey v. State, 5 Okla. Cr. 75, 113 P. 532, written by Mr. Justice Doyle, in the closing thereof, it completely determines the right of a person on trial to have an instruction upon the question of self-defense when there is any evidence introduced tending to show that the person being tried was being attacked or about to be attacked, by his adversary.

"In addition to the above error committed by the court, we also call attention to the language used by special counsel, Senator McPherren, hired to prosecute, which remarks are no doubt based upon the error committed by the court in refusing to give an instruction upon the question of self-defense. The remarks are as follows:

" 'As I stated to you, gentlemen of the jury, the law of self-defense requires that before a citizen can shoot in his self-defense, there must be an overt attack on the part of the person shot. In this case the testimony clearly shows that this defendant shot old man Allen when he was doing nothing that he did not have the right to do, and when he was not making any assault upon this defendant at all, and the court has not instructed you upon the law of self-defense for the reason that the testimony of the defendant himself does not bring this case within the rule of self-defense.'

"We think the plaintiff in error is entitled to a new trial and respectfully suggest that the cause be reversed."

Don Welch, J. O. Minter, and J. R. McClendon, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. (after stating the facts as above). After an examination of the record, the conclusion is reached that the confession of error of the Attorney General should be sustained.

While it is not necessary for the trial court to instruct on some theory of the law not supported by the evidence (Newby v. State, 17 Okla. Cr. 291, 188 P. 124), it is nevertheless incumbent on the trial court to give, and the defendant has a right to have, when requested, an affirmative instruction to the jury applicable to his testimony, based upon the hypothesis that it is true, when such testimony affects a material issue in the case and would, if believed, constitute ground for acquittal. Peyton v. State, 16 Okla. Cr. 410, 183 P. 639; Crittenden v. State, 13 Okla. Cr. 351, 164 P. 675, and cases cited. An examination of the testimony of the defendant discloses a case of self-defense based on apparent danger to his life. The defendant requested an instruction on this issue. The trial court refused to give the requested instruction and failed to give any instruction or instructions whatever on the issue of self-defense. Under such circumstances, the refusal to give the requested instruction or one other covering this issue was error, and in this case prejudicial to the rights of this defendant, as it deprived him of consideration by the jury of the only defense relied upon for an acquittal.

Whether the defendant believed, at the time he shot the prosecuting witness, that he was in imminent danger of death or great bodily harm at the hands of the prosecuting witness, and that it was necessary to employ the force used to prevent such injury, and whether the defendant under the circumstances of this case had reasonable grounds for such belief, were all questions of fact for the jury under proper instructions of the court as to the law of apparent self-defense.

The question is not how much evidence there was on the issue of self-defense, nor does the court believe such evidence, but is there any evidence tending to support such issue? If there is, it is the duty of the trial court to submit such issue to the jury and instruct the jury on the law applicable here-

to if found to be true, although the court may disbelieve it. Beard v. U. S., 158 U. S. 550, 15 S. Ct. 962, 39 L. Ed. 1086. The refusal of the trial court to submit such issue in this case after request by the defendant to do so is held to be reversible error.

The defendant introduced some witnesses and offered to prove by them that the prosecuting witness had the general reputation in the community in which he lived, prior to and at the time of the difficulty between him and defendant, of being a violent, quarrelsome, and turbulent man, and also that this general reputation was known to the defendant. The court excluded this proffered testimony. This, too, was error prejudicial to defendant.

The remarks of the specially employed counsel assisting in the prosecution (quoted at length in the Attorney General's confession of error,) tended to aggravate the error of the trial court in refusing to submit the issue of self-defense.

For all of these apparently prejudicial errors, the judgment is reversed, and the cause remanded to the district court of Marshall county, with instructions to grant the defendant a new trial and for further proceedings not inconsistent with this opinion.

BESSEY and DOYLE, JJ., concur.