## JOHN GOERTZ v. STATE.

No. A-4697. Opinion Filed Feb. 28, 1925.
(233 Pac. 768.)

(Syllabus.)

1. **Larceny—Information Held to Sufficiently Allege Nonconsent of Owner to Taking.** An allegation in an information for larceny that the accused did "take, steal, and carry away" personal property belonging to another, sufficiently charges that the taking was against the will of the owner.

2. **Same.** An information for larceny, which alleges that accused did "feloniously, unlawfully, fraudulently, and stealthily take, steal, and carry away" property described, without alleging that the taking was without the knowledge or consent of the owner, is sufficient, since the word "steal" means, in common and legal parlance, the felonious taking and carrying away of the personal goods of another.

3. **Larceny—Evidence Sustaining Conviction for Grand Larceny.** In a prosecution for larceny, evidence examined, and held to sustain a conviction for grand larceny.

Appeal from District Court, Alfalfa County; James B. Cullison, Judge.

John Goertz was convicted of grand larceny, and he appeals. Affirmed.

S. A. Horton and C. B. Wood, for plaintiff in error.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that the defendants, Carl Davis and John Goertz, in Alfalfa county, on or about the 1st day of September, 1922 —

"did then and there feloniously, knowingly, wrongfully, unlawfully, wilfully, fraudulently, and stealthily take, steal, and carry away two sets of harness, the personal property of A. W. Dillon, and of the value of $125, with the unlawful, fraudulent, and felonious intent then and there on the part of him the said Carl David, and on the part of him the said John Goertz, to deprive the said A. W. Dillon, the owner thereof, of said property, and to convert the same to the

use and benefit of them the said Carl David and the said John Goertz, contrary to," etc.

The defendant John Goertz asked for and was granted a severance. Upon his trial a verdict of guilty was returned. The jury failed to fix the punishment. Motion for new trial was duly filed and overruled, and the court rendered judgment sentencing said defendant John Goertz to imprisonment in the penitentiary for a term of one year. The overruling the demurrer to the information is assigned as error.

The first contention of counsel for the defendant, which was raised by the demurrer thereto, is that the information did not state facts sufficient to constitute a public offense, and is insufficient for the reason that it fails to charge that the alleged stolen property "was taken without the knowledge or consent of the owner."

To this contention we do not yield. The information alleges the property to have been taken feloniously, unlawfully, fraudulently, and stealthily, and then follows the additional allegations of "take, steal, and carry away," and that the taking was with the unlawful, fraudulent, and felonious intent to deprive the owner thereof, and to convert the same to the use and benefit of the taker. These are not allegations of conclusions merely, but of ultimate facts, and they clearly negative any inference that consent to the taking of the property was obtained. The American and English Encyclopaedia of Law (volume 23, p. 555) says:

"The word 'steal' has a uniform signification, and in common, as well as in legal parlance, means the felonious taking and carrying away of the personal goods of another; it means to take without right, secretly and without leave or consent of the owner."

And Law Dict. says: "Steal: To commit larceny." Webster defines the word thus:

"Steal; to take, and carry away, feloniously; to take without right or leave, and with intent to keep wrongfully;

as to steal the personal goods of another; to practice or be guilty of theft; to commit larceny or theft."

The same author defines "larceny" to be "the unlawful taking and carrying away things personal, with intent to deprive the right owner of the same; theft." The crime of larceny is defined in our Penal Code as follows:

"Larceny is the taking of personal property accomplished by fraud, or stealth, and with intent to deprive another thereof." Section 2101, Comp. Stats. 1921.

In Underwood v. State, 23 Okla. Cr. 119, 212 P. 1010, it was held that the word "steal" was used in the statute with ordinary meaning, so that allegations of taking feloniously and by stealth and with felonious intent to permanently deprive owner thereof sufficiently negatives owner's consent. It follows that the information is sufficient, and the trial court did not err in overruling the demurrer thereto.

It is also contended that the evidence is not sufficient to support the verdict. A. W. Dillon testified that he lived a mile and a half from the town of Carmen, in Alfalfa county; that on the morning of September 1, 1922, he missed from his place two sets of harness of the value of $125; that he noticed the footprints of two men about the barn where the harness was taken from; that he noticed that the harness had been dragged to the road where a car had stopped; that the car by its tracks showed that the right front casing was a smooth casing, the left front casing was a Firestone "T," marked casing; that the right rear casing was a Firestone "T" marked casing, and the left rear casing had a mark of two rows of diamonds on the tread; that on the 5th day of September, in the town of Fairview, he recognized and identified an automobile bearing a set of casings exactly like the casings of the car that had stopped near his place, and to which the marks showed the harness had been dragged to; that search warrants were issued, and a search of the defendant's premises disclosed that parts of the har-

ness were concealed under hay in a granary; that the defendant owned the automobile in question.

Other witnesses testified as to the identity of the tracks, and as to the ownership of the automobile in question, and there was testimony showing that this defendant and his codefendant, Carl David, were at the Goertz place on the morning of September 1st.

At the close of the evidence the defendant moved the court for a directed verdict of acquittal, in the form of a demurrer to the evidence, which was overruled. The defendant did not testify, and the case was submitted to the jury on the evidence introduced by the state.

The jury, after a fair and impartial trial, concluded he was guilty, and we see no reason to doubt but the conviction was warranted by the evidence. The motion for a directed verdict of acquittal was therefore properly overruled. The other assignments of error are not raised by the record, nor mentioned in the briefs, and need not therefore be noticed.

Upon an examination of the whole record, we find no error prejudicial to the defendant.

The judgment of the trial court is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.