## DICK PEARCE v. STATE.

No. A-5222. Opinion Filed Feb. 20, 1926.
(243 Pac. 761.)

Clyde H. Wyand and Harris, Speilman, Thomas & Harris, for plaintiff in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J. Dick Pearce, defendant in the trial court, was by verdict of a jury found guilty of the larceny of live stock, with his punishment fixed at

imprisonment in the penitentiary for a term of two years. From the judgment on the verdict he appeals, assigning as error that the instructions of the court were insufficient and that the evidence is not sufficient to support the verdict.

The proof is conclusive that soon after the taking the defendant was in possession of the live stock in question; that he had driven the cattle some distance in the nighttime; that he disposed of the cattle to another; and there was evidence tending to show that he made conflicting statements as to how he had come into possession of the cattle and their transfer to the other party. At the trial the defendant claimed that he in good faith bought the cattle in dispute from one Vern Wilson, who had subsequently left the country and whose whereabouts at the time of the trial could not be ascertained.

The evidence supporting the conviction was in part circumstantial, but there was also direct evidence of a positive nature. Under such circumstances, it was not necessary to submit an instruction on the law of circumstantial evidence. The possession of recently stolen property by an accused is merely an evidentiary fact, tending to establish guilt, which should be submitted to the jury to be considered by them in connection with all the other facts and circumstances disclosed by the evidence. This is a rule of evidence, the weight of which may be weak or strong, according to the circumstances. Where the deductions to be drawn from the facts or circumstances shown are obvious, requiring no special explanation to a fairminded jury of average intelligence, a failure to instruct on the inference to be drawn from the possession of recently stolen property, in the absence of any request to so instruct, will not work a reversal of a conviction, unless it appear that

the jury were probably misled by such omission. Gray v. State, 4 Okla. Cr. 292, 111 P. 825, 32 L. R. A. (N. S.) 142; 16 Corpus Juris, 963; 14 R. C. L. 789; section 2822, Comp. Stat. 1921. But where the sole and only issue is whether or not the accused acquired the recently stolen property in good faith, that issue should be submitted to the jury under appropriate instructions. Crittenden v. State, 13 Okla. Cr. 351, 164 P. 675.

The elements of the crime of stealing domestic animals are easily comprehended. To "steal" anything ordinarily needs no explanation. The term itself imports a wrongful taking and appropriation of the property of another to the taker's own use and benefit. The giving of such definition is unnecessary where it is not requested. The instruction given sufficiently apprised the jury of the nature of the crime charged and of the proof required to support the charge. Sullivan v. State, 7 Okla. 307, 123 P. 569; Tracy v. State, 24 Okla. Cr. 144, 216 P. 941; Goertz v. State, 29 Okla. Cr. 261, 233 P. 768.

The defendant claimed that he bought the cow and calf in dispute from one Vern Wilson, whom he first met in the army; that he afterwards knew him in Utah, and later employed him as a laborer on his ranch in Woodward county. After obtaining employment elsewhere, in an adjoining neighborhood, Wilson borrowed $25 from the defendant, which he failed to repay. Some months thereafter the defendant and his brother saw Wilson in Woodward, where defendant again sought to collect the money he had loaned Wilson. Wilson offered to sell the defendant some cattle, and the defendant finally agreed to take the cow and calf in controversy for the $25 debt and $25 additional in cash.

Defendant's brother, Edward Pearce, was interrogated thus in regard to this transaction:

"Q. Do you know of any transaction or deal that took place between your brother Dick and Vern Wilson there at Littrell's store, on this Saturday, April 28th?

"A. Yes.

"Q. Just tell the court and jury what it was.

"Mr. Foster: That is objected to, for the reason that it is incompetent, irrelevant, and immaterial.

"The Court: Objections sustained. (Exceptions.)

"Q. At any rate, they had a deal or transaction there at that time and place?

"Mr. Foster: To which the state objects, for the reason it is incompetent, irrelevant, and immaterial.

"The Court: Sustained. He couldn't testify to anything except what he saw, unless he was a party to the transaction. (To which the defendant excepts.)"

The refusal of the court to permit the defendant to corroborate his claim that he had in good faith made a "deal" with Wilson for the animals in dispute was error. This in effect foreclosed the right of the defendant to develop further proof tending to sustain his only defense, viz., a purchase in good faith. This was not an attempt by the defendant to make proof of declarations or admissions made, explaining his possession of recently stolen property as a part of the res gestae, as was the case in Jackson v. State, 22 Okla. Cr. 338, 211 P. 1066; but it was an attempt to prove facts and circumstances and statements concerning a deal with Wilson, showing in what manner the disputed property was acquired by the defendant. This the defendant had a right to show, including the statements and con-

versations incident to the deal. Crittenden v. State, supra.

The weight of the testimony relating to the alleged Wilson deal was for the jury, under appropriate instructions. But the court submitted no instruction on this feature of the case. Crittenden v. State, and cases cited.

The judgment is reversed, and the cause remanded for a new trial.

DOYLE and EDWARDS, JJ., concur.