## BUCK MOORE v. STATE.

No. A-5882.    Opinion Filed Nov. 13, 1926.
(250 Pac. 538.)

Phillips & Phillips, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.  The information in this case charges that on February 26, 1925, Jeff Kennedy and Buck Moore did unlawfully "make and manufacture certain spirituous liquors, to wit, one gallon of moonshine whisky from certain ingredients, containing alcohol as a by-product, by means and use of a distill and distilling apparatus, contrary to," etc.

Upon arraignment the defendant Kennedy pleaded guilty.  On his trial the defendant Moore was found guilty and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days. From the judgment entered on the verdict, he appeals.

The errors assigned and argued in the brief are that the verdict is not sustained by sufficient evidence and that the court erred in refusing to instruct on the law applicable to the theory of the defense.

It appears from the evidence that the sheriff with one of his deputies, together with Jake Sims, United States enforcement officer, and R. L. Pierce, United States Deputy Marshal, visited the home of Jeff Kennedy, about 14 miles southeast of Durant, to arrest Kennedy on a warrant and to endeavor to catch him making whisky.  They came upon the defendant Buck Moore in a wagon drawn by a team of mules on Kennedy's place, and in the wagon they found a steel tank and some iron pipe.  Kennedy was near by.

The defendant Moore, a boy 18 years old, lived with his parents about two miles from the Kennedy's place.  As a witness in his own behalf he testified that

he was plowing that day, and after dinner his father sent him after a load of hay to a barn on a place near Kennedy's; that he stopped at Kennedy's house and Kennedy wanted to borrow the wagon and team for a few minutes, and they drove down to the creek. There Kennedy got out, went off a piece, and returned with an oil tank on his shoulder and put it in the wagon, then he made another trip and brought back some pipe; that they started back to the house and met the officers; that he did not know that the oil tank was used as a still and did not know where Kennedy was going to place it; that he never did manufacture whisky.

The father of the defendant testified that his son plowed until dinner; and then he sent him after a load of hay, which they hauled as they needed it from the rented place.

Counsel for the defendant requested the following instruction, which was refused, and an exception to the action of the court was taken:

"You are instructed that the defendant Buck Moore claims that if Jeff Kennedy made the whisky as alleged in the information that he knew nothing of the same, had nothing to do, directly or indirectly, with the making of said whisky, if any was made; that on the day that the officers arrested him that his father had sent him after hay, and that Jeff Kennedy asked to borrow the team and wagon, and that he went with him, and that Kennedy loaded a pipe of some kind and an oil can on his wagon; if you believe this to be true or have a reasonable doubt, then it would be your duty to acquit the defendant, for, even if you should believe that he was assisting in the hauling of a portion or part of a distill, which had been used by Jeff Kennedy in the making of whisky, but that the defendant Buck Moore had nothing to do with the making of the whisky, if any was made, or

was not interested in the same, he would not be guilty as charged in the information."

The trial court did not give any instruction in any way covering the defense relied upon.

This court has repeatedly held that it is error for the trial court to fail and refuse to instruct on the law applicable to a theory of the defense which the evidence tends to support, when the defendant requests it and when such evidence affects a material issue in the case. McIntosh v. State, 8 Okla. Cr. 469, 128 P. 735; Crittenden v. State, 13 Okla. Cr. 351, 164 P. 675; Golpi v. State, 14 Okla. Cr. 564, 174 P. 288; Tubby v. State, 15 Okla. Cr. 496, 178 P. 491; Peyton v. State, 16 Okla. Cr. 410, 183 P. 639.

We are of the opinion that in this case the refusal of the court to give the requested instruction, or one affirmatively covering the defense interposed, was reversible error.

The general rule in criminal cases is where evidence is circumstantial the facts shown must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. The mere fact that an oil tank which may have been used as a still was found in the defendant's wagon is insufficient to sustain the verdict finding the defendant guilty on a charge of manufacturing whisky.

The defendant was not charged with the unlawful possession of a still, and we are inclined to think that the evidence was insufficient to show that this defendant used the still or aided in its use to manufacture whisky as charged in the information.

For the reasons stated, the judgment appealed from is reversed.

BESSEY, P. J., and EDWARDS, J., concur.