## CARL HEATH v. STATE.

No. A-7566.   Opinion Filed Dec. 6, 1930.
(293 Pac. 1111.)

H. W. Sitton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of the crime of grand larceny, and his punishment

fixed by the jury at imprisonment in the penitentiary for one year and one day.

For the purpose of disposing of this appeal, it will only be necessary to consider one question, viz., that the court erred in failing to give instructions requested by the defendant upon the theory of his defense based on the assumption that his testimony is true.

The evidence of the state was that the officers with a search warrant found the stolen property in the barn of the defendant, but there was no state's evidence affirmatively connecting him with the larceny.

The evidence of the defendant was that he purchased this set of harness, a pair of mules, a wagon, and some other property at a public sale, and he introduced several witnesses to corroborate his testimony. The effect of this testimony was that the defendant purchased the property in good faith, and, if the jury believed this testimony, it was sufficient to create at least a reasonable doubt and entitle the defendant to an acquittal.

This court has repeatedly held that, when requested, the defendant is entitled to have an affirmative instruction on the theory of his defense based on the assumption that defendant's testimony is true when the same affects a material issue in the case. Crittenden v. State, 13 Okla. Cr. 351, 164 Pac. 675; Davis v. State, 20 Okla. Cr. 203, 201 Pac. 1001; Ammons v. State, 28 Okla. Cr. 433, 231 Pac. 326; Pearce v. State, 33 Okla. Cr. 273, 243 Pac. 761.

The defendant requested instructions based upon his theory of the defense, which instructions were refused by the trial court.

The Attorney General in his brief says:

"Perhaps the foregoing requested instructions were not in proper form but they were sufficiently to the point to inform the court of the fact that the defendant desired an affirmative instruction on the defense interposed, based on the assumption that the testimony given by him was true. The trial court gave no instruction whatever on the theory of the defense. Under numerous opinions of this court it has been repeatedly held to be reversible error to refuse to give such requested instruction where there is some evidence reasonably tending to support the issue.

"For the reasons stated therefore the Attorney General is impelled to confess the error aforesaid, urged in the brief of counsel for plaintiff in error, and if the court entertains the views herein expressed, it necessarily follows that this judgment of conviction must be reversed and the cause remanded for further proceeding."

An examination of the record convinces the court that the recommendation of the Attorney General should be adopted.

The cause is therefore reversed and remanded for further proceeding according to law.

EDWARDS, P. J., and DAVENPORT, J., concur.