Joe "Red" HOLT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12087.

Criminal Court of Appeals of Oklahoma.

Jan. 5, 1955.

Jack L. Spivey, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, Joe "Red" Holt, was charged jointly with Luther Gene Williams with the illegal possession of intoxicating liquors. They were tried together before a jury in the court of common pleas of Oklahoma County, and the jury returned a verdict of guilty as to the appellant herein, and fixed his punishment at thirty days confinement in the county jail, and a fine of $50 and costs. The jury was unable to arrive at a verdict as to codefendant Williams, and he is not involved in the within appeal.

The evidence on behalf of the State developed that Officers Frank Lynch and Larkin Lamb, sheriff's deputies, under authority of a search warrant went to the home of Joe "Red" Holt, hereinafter referred to as defendant, located at 1800 N. E. 65th Street, Oklahoma City, and found a quantity of tax-paid whiskey. The officers served a copy of the search warrant on Mrs. Holt before commencing the search. The defendant Holt was not on the premises at the time. The whiskey was found in an Oldsmobile automobile parked in the garage, which garage was a part of the house.

One Luther Gene Williams drove up in a car while the officers were in process of searching the premises; and the officers testified that Williams advised them that the whiskey belonged to him, and for such reason they immediately arrested him and took him to jail. On trial Williams testified that he told the officers the whiskey belonged to him to keep them from taking Mrs. Holt to jail. He said that he had never had enough money in his life to purchase the quantity of liquor that the officers found.

Both officers testified that on their way to search the Holt home they met one Jack Franklin about four blocks from Holt's place and coming from that direction. He was driving a car and the officers searched his car, but found no liquor, but did arrest Franklin and took him with them to the Holt place and he remained while they made the search.

Officer Lynch testified that he had known Franklin for about fifteen years, and that he had been in all forms of the whiskey business; hauler, retailer and wholesaler.

The State introduced in evidence a Federal retail liquor dealer's stamp issued to Joe Holt, 1800 N. E. 65th Street, Oklahoma City, good from July, 1953 to June 30, 1954.

The defendant Holt testified and said that he was in the building construction business, and at the time the liquor was obtained at his home he was in Dallas, Texas, on business, and had no knowledge that the liquor was on his premises, and claimed that Jack Franklin came to him on his return from Texas and told him that he had placed the whiskey in the car in defendant's garage because officers were after him and he had to get rid of the whiskey. He claimed that he did not return from Texas until two days after the raid. The defendant admitted that he had previously been convicted of selling whiskey, and had been convicted of burglary and had served time in the penitentiary. But he claimed that although he had a Federal license, he had quit the whiskey business and owned an interest in the H & O Construction Company.

Whether the liquor found on defendant's premises was his liquor, and whether he had it with the intent to sell were questions of fact to be determined by the jury, but as contended by counsel for the defendant, under proper instructions from the court.

For reversal but one proposition is urged in brief. It is asserted that the court did not give an instruction clearly setting forth defendant's theory of the case. Defendant had denied possessing any knowledge of the whiskey found on his premises, and had said that one Jack Franklin had told him that he had placed the liquor on defendant's premises and would pay any costs defendant would be out in defending himself. Of course this latter testimony amounted to hearsay and should have been stricken, and probably would have if it had been objected to. The county attorney could have questioned defendant as to whether or not he had placed an order for the liquor or whether he had an understanding with any person to deliver liquors to his place at such times as they might evade vigilant officers.

Defendant did not produce Franklin as a witness. The instruction that he offered was not a proper instruction, but it was sufficient to call the court's attention to defendant's defense. We have carefully read all the instructions given to see if from a consideration of such instructions it could be said that they fairly and impartially covered all the issues in the case.

If we could so conclude, then the case could be affirmed. Bond v. State, 54 Okl. Cr. 39, 14 P.2d 425; Williams v. State, 63 Okl.Cr. 234, 74 P.2d 632; Walker v. State, 93 Okl.Cr. 251, 226 P.2d 998; Stanley v. State, 94 Okl.Cr. 122, 230 P.2d 738. But we are compelled to say that the instructions actually given fall so far short of this objective that a serious question is presented.

The defendant might have produced Jack Franklin, if said person hid the liquor in defendant's garage to evade officers at a time they were on his trail, and if Franklin had made such admission, the jury might have decided in Holt's favor. But he did not offer the testimony of Franklin. Still there was the circumstance that the officers did arrest Franklin when they met him coming from the direction of defend-

ant's home, and they searched his car but found no whiskey. We must assume in the absence of further information that the officers had authority to make such arrest and were in fact looking for Franklin at that time. The record is conclusive that Holt was not at his home when the search was made and was not taken into custody until several days later. That he was in Dallas, Texas, at the time stands uncontradicted in the record. He swore positively that he had no knowledge that the liquor had been placed in his garage. He was not cross-examined as to the possibility of Franklin or some other person being his wholesaler and of having a standing order. While admitting the possession of the Federal liquor stamp, he swore that he had quit the liquor business. Of course defendant may have committed perjury in a number of instances in his testimony. And it is true that the fact of past convictions for crime so weakened defendant's evidence as to credibility that it could easily be said that no jury composed of persons adhering to the oath they were compelled to take as jurors, on a future trial could on the basis of the evidence in the present record, fail to again convict the defendant of the charge here involved. Still, the jury must be advised of defendant's theory of defense where there is evidence to support it, even though such evidence is discredited. The question is a fact one for the determination by the jury, and it is the function of the jury to weigh the evidence. We are, then, confronted with the fact that in this case, while the instructions given set out the theory of the State that they failed completely to set out defendant's theory, and that the attention of the court was called to this by counsel by timely submitting an instruction setting out the theory of defendant's defense. And while the court was not compelled to give the actual instruction submitted, one substantially advising the jury of the defense of the defendant should have been given, where the evidence justified. We have said that a defendant is entitled to such as a matter of law. Tillman v. State, 82 Okl.Cr. 276, 169 P.2d 223. And in paragraph 3 of the syllabus in Bradley v. State, 63 Okl.Cr. 203, 74 P.2d 126, we said:

"The defendant has a right to have a clear and affirmative instruction given to the jury, applicable to his testimony, based on the hypothesis that it is true, when such testimony affects a material issue in the case."

This question has been tested many times by this court. We cite just a few: Heath v. State, 49 Okl.Cr. 250, 293 P. 1111; Skelley v. State, 64 Okl.Cr. 112, 77 P.2d 1162; France v. State, 95 Okl.Cr. 244, 244 P.2d 341.

On a new trial, should the evidence again justify, the court should give an instruction substantially as follows:

"You are instructed that the defendant Joe 'Red' Holt for defense to the charge of unlawful possession of intoxicating liquors, has presented evidence showing that he was absent from Oklahoma County the day of the search of his home and testified that the liquor obtained by the officers and found in an Oldsmobile automobile in the garage of his home, was placed there without his knowledge or consent by one Jack Franklin, who hid it there in an effort to elude officers.

"In this connection, you are instructed that if you find from the evidence that said liquor was placed in the defendant's garage by said Jack Franklin, or any other person, without a previous understanding with the defendant to do so, or that one Jack Franklin placed the said liquor in defendant's garage as a means of hiding it from officers, and all without the knowledge or consent of the defendant, then you should find the defendant not guilty.

"On the other hand, if you find from the evidence beyond a reasonable doubt that the whiskey found in the defendant's garage was placed there with his knowledge or consent and that the whiskey was in fact under the ownership or control of the accused, it would be your duty to find him guilty as charged."

By reason of the error treated, the case is reversed for a new trial.

JONES and BRETT, JJ., concur.